IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
LISA DILLON,                       )
                                   )
               Plaintiff,          )    Case No. 08-0066-HO
                                   )
               v.                  )    ORDER
                                   )
Commissioner of Social Security,   )
                                   )
               Defendant.          )
_____)
```

This is a social security proceeding in which the court reversed the Commissioner's decision and remanded for further proceedings.  Plaintiff's counsel previously sought and received fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $6,095.767.  Plaintiff's counsel now seeks fees under 42 U.S.C. § 406(b) based on award of benefits by the Administration.

Under Section 406(b) the court may award attorney fees up to 25 percent of plaintiff's retroactive benefits.  Plaintiff's

1 - ORDER

counsel asks the court to award $10,846.50.50. Counsel will refund to claimant the amount received under EAJA.

The Commissioner objects contending plaintiff's counsel violated standing orders 2009-15, procedure 8, in that counsel failed to supply the notice of award with the application and has failed to submit the application within 60 days of receipt of the notice of award.

Plaintiff's counsel has now provided the court with three notices of award (one primary and two auxiliary for plaintiff's children). In addition the date on the auxiliary notices indicates that the request for fees has been timely filed because counsel could not know the amount to request until the total amount of benefits had been determined. Even if the standing order is construed as requiring separate application for fees for each notice, the court finds good cause shown for the failure to timely comply regarding the primary notice as it was reasonable for counsel to wait for the total amount to be determined. The Commissioner does not otherwise object to the motion for fees.

Under 42 U.S.C. § 406(b), attorneys representing claimants in court may only recover fees if there is an award of back benefits. As part of its judgment, a court may allow reasonable fees  up 25 percent of the past-due benefits awarded to the claimant.

An attorney cannot collect, or even demand, from claimants more than authorized under sections a and b of 42 U.S.C. § 406.  42

U.S.C. § 406(a)(5) and (b)(2).

Under the EAJA, a prevailing claimant may be awarded attorney fees, payable by the government, based on the number of hours reasonably expended by the attorney and a reasonable hourly rate. 28 U.S.C. § 2412. Fees awarded under both the EAJA and 42 U.S.C. § 406(b) require a refund of the smaller amount to the claimant from the attorney. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

Contingency fee agreements may be the primary means by which fees are calculated under section 406(b) and are enforceable so long as the they do not seek more than 25 percent of past due benefits. Id. at 807. In addition, within that 25 percent boundary, the fee must be reasonable in light of time spent on the case, etc. Id. at 807-08.

The amount requested does not exceed 25 percent of the past-due benefits. The court finds the request otherwise reasonable and grants the request.

CONCLUSION

Plaintiff's motion for attorney fees (#41) is granted. Attorney fees in the amount of $10,846.50 are hereby awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b). When issuing the section 406(b) check, the Agency is directed to subtract the amount previously awarded under the EAJA, $6,0895.76, and to send

3 - ORDER

to plaintiff's attorney the balance, minus any user fee.  Any amount withheld (including the EAJA fee offset) after all administrative and court attorneys fees are paid should be released to the claimant.

DATED this  10th   day of November      , 2010.

  S/ Michael R. Hogan
UNITED STATES DISTRICT JUDGE

4 - ORDER